This is an appeal from the Corporation Commission. On the 24th of June, 1929, after a hearing that was protested by the plaintiffs in error, the Corporation Commission made an order granting to the defendant in error, L. Scott, a permit to maintain and operate a cotton gin at Idabel, Okla. The plaintiffs in error filed a motion for new trial, and it was overruled, and they brought the case here. On the 2nd of July, 1929, supersedeas bond was asked for, and on the 24th of July, the Corporation Commission allowed it, and stayed the order pending determination of the appeal.
According to the decisions of this court heretofore had in matters of this kind, where a hearing has been had and testimony introduced, this court has not taken it upon itself to set aside the orders of the Corporation Commission, except in case of manifest injustice. The Commission was entrusted with the power to investigate applications and issue certificates of necessity, and we should allow the action to stand if there is reasonable evidence tending to support the findings. This legal requirement is practically conceded by the appellant in this case, it being announced in the case of Chicago, Rock Island Pacific Ry. Co. v. State, 126 Okla. 48,258 P. 874. We see no reason for disturbing that rule as a standard in cases of this kind.
As applied to the facts in this case, the evidence of the people who wanted a permit to erect and operate the gin was in sharp conflict with the evidence of the appellants here. We cannot say that the Commission did wrong in believing one side over the other and in holding that there was a necessity for this gin.
Such being the case, the order should be affirmed, and the appellee, Scott, be permitted to go on with the gin, and be permitted to take such steps as he is legally entitled to to enforce the damages arising out of the supersedeas.
The order is affirmed.
LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.
Note. — See under (1) annotation in 23 A. L. R. 1478; 74 A. L. R. 1079; R. C. L. Perm. Supp. p. 1666; R. C. L. Pocket Part, title Constitutional Law, § 218. *Page 89