## SIMPKINS et al. v. CORPORATION COMMISSION et al.

No. 26966.    June 16, 1936.

Rehearing Denied Sept. 22, 1936.

A. H. Huggins, for plaintiffs in error.

J. B. A. Robertson and Arthur Holloway, for defendants in error.

PHELPS, J. This is an original action filed in this court by plaintiffs, R. C. Simpkins and others, against the Corporation Commission in which a writ of prohibition is prayed for.

The facts alleged are substantially as follows: On January 12, 1935, R. C. Simp-

kins notified the Corporation Commission that he had commenced construction of a telephone line from Fittstown to Jesse, Okla., by which he contemplated furnishing telephone service for the town of Jesse and vicinity. He was immediately notified by the Corporation Commission that Southwestern States Telephone Company had already filed its notice of intention to furnish telephone facilities for the Jesse territory. Mr. Simpkins then filed his protest, contesting the Southwestern States Telephone Company's claim to that telephone territory and requested the commission to determine the respective rights of the parties in that particular territory. The Southwestern States Telephone Company then protested plaintiffs' claim to the territory. The Corporation Commission then gave notice and heard Simpkins' application on January 31, 1935, and on February 12, 1935, denied the application. On December 10, 1935, B. Richardson, telephone engineer for the Corporation Commission, filed his affidavit for citation of Mr. Simpkins for contempt, alleging violation of the commission's order, in that Simpkins had built a telephone line into and was maintaining telephone service at Jesse.

Upon hearing, the plaintiff was found guilty of contempt in that he violated the Corporation Commission's order, and a fine of $50 was assessed against him.

Plaintiff then filed this action in this court; praying for a writ of prohibition against the Corporation Commission prohibiting it from enforcing its order or making further orders pertaining thereto. It is the contention of plaintiff that the Corporation Commission had no power and acted without authority in making the order complained of, and since it was without authority to make such order, it was likewise without authority to enforce it or to cite plaintiff for contempt for its violation. It is the contention of the Corporation Commission that it did have jurisdiction and authority to make the order and to take the necessary steps to enforce it, and that Simpkins had his remedy by appeal, and having failed to avail himself of such remedy, he is bound by the order.

Plaintiffs present their application under four different propositions, and defendants present their contentions under four separate heads or propositions, but such contentions are all based upon the question of whether the Corporation Commission had jurisdiction and was lawfully authorized to make its order denying plaintiffs' application for a permit to build such telephone line. Plaintiffs do not contend that the Corporation Commission does not have supervision and control over the telephone business, generally, in this state. Clearly, the Constitution and the statutes enacted subsequent to the adoption of the Constitution vest the Corporation Commission with such jurisdiction and control. Sections 3714 and 3715, O. S. 1931, read as follows:

"It shall be unlawful for any person, firm, association or corporation to hereafter construct, build or equip any public telephone, toll or long distance line or lines, or any public telephone exchange or exchanges, or commence operations of any such toll or long distance line or exchange in a field already occupied by some other person, firm, association or corporation engaged in the same business and giving similar service unless there exists a public necessity therefor, or unless the public convenience require such construction or operation.

"The Corporation Commission of the state of Oklahoma is hereby vested with the jurisdiction to determine whether or not there exists a public necessity and whether the public convenience requires the construction or operation of such properties."

The latter part of section 3716, O. S. 1931, provides that:

"Any party to the proceedings aggrieved by an order of the commission in issuing or refusing such certificate may appeal to the Supreme Court of Oklahoma, as provided in other cases of appeal from orders of the Corporation Commission."

The record justifies the conclusion that all parties considered the letters written by plaintiff to the Corporation Commission, although not in regular form, an application for a certificate of convenience and necessity, and for permission to construct said line. It is true plaintiffs claim that this was "open territory" and no such certificate and permission were necessary, but, notwithstanding this contention, they submitted themselves to the jurisdiction of the Corporation Commission and failed to appeal from an adverse decision and saw fit to completely ignore this decision and to ignore the law requiring a finding of the commission of convenience and necessity before constructing their line, after the commission had determined that another company was rendering telephone service to that community and had made application to extend the service.

Plaintiffs base their right to ignore the order of the Corporation Commission upon the claim that inasmuch as the Corporation Commission had no jurisdiction because the "field was not already occupied," such orders

were void. But, as we view it, the question as to whether that was a "field already occupied" was a question of fact to be determined by the Corporation Commission, and such finding is supported by evidence in the record to the effect that another company had been rendering telephone service in that community for many years. In Etheridge & Coyle v. Corporation Commission, 157 Okla. 88, 10 P. (2d) 1099, we use this language:

"According to the decisions of this court, heretofore had in matters of this kind, where a hearing has been had and testimony introduced, this court has not taken it upon itself to set aside the orders of the Corporation Commission, except in cases of manifest injustice. The commission was intrusted with the power to investigate applications and issue certificates of necessity, and we should allow the action to stand if there is reasonable evidence tending to support the findings."

We are not inclined, under the record in this case, to disturb the rule therein laid down.

The writ is denied.

OSBORN, V. C. J., and BUSBY, WELCH, and CORN, JJ., concur. McNEILL, C. J., and RILEY and GIBSON, JJ., dissent. BAYLESS, J., absent.

RILEY, J. (dissenting). I respectfully dissent from the majority opinion herein.

The notice to the Corporation Commission that petitioners were constructing a toll line and other telephone facilities in a territory then unoccupied was not an application for a permit to do so. It is only in territory already occupied that a permit for such construction is necessary.

Under the plain provisions of law quoted in the majority opinion, it is only made unlawful to construct, build, or equip any public telephone, toll, or long distant line, or any public exchange, or commence operation of any such toll or long distance line, or exchange, in a field already occupied by some other person, firm, association, or corporation engaged in the same business. Notice of some person, firm, association, or corporation to occupy a field in the telephone business at sometime in the future is not sufficient occupation of such territory as to preclude another person from occupying such territory. No permit being necessary in the instant case, and no application for a permit being actually filed, the Corporation Commission was without power or jurisdiction to order the hearing or to grant or refuse a certificate of convenience and necessity. Being without power to make the order, it follows that said order was and is void, and the Corporation Commission is and was without power to punish for its violation.

The alternative writ heretofore issued should, in my judgment, be made permanent.